MILETUS, The (WESTRAY v.). See Case No. 17,461.

MILFORD (VARNUM v.). See Cases Nos. 16,890 and 16,891.

## Case No. 9,546.

### MILLAR et al. v. MILLAR.

[2 Curt. 256.] [1]

Circuit Court, D. Massachusetts. May Term, 1855.

CUSTOMS DUTIES—DUTIABLE CHARGES—FREIGHT—ACTION TO RECOVER DUTY PAID.

Where merchandise was shipped from Canton to the United States, via Manilla, where it was to be, and was transhipped, and a separate freight paid to Manilla, the charge for freight could not be added to the market value at Canton, as one of the dutiable charges; but all charges incurred at Manilla should be added as dutiable charges.

[Cited in Forman v. Peaslee, Case No. 4,941.]

[This was a suit by Daniel L. Millar and others against Ephraim Millar to recover a certain sum illegally paid for duties.]

A. W. Griswold, for plaintiffs.
Mr. Hallett, Dist. Atty., contra.

CURTIS, Circuit Justice. This is an action to recover of the collector of the port of Salem, moneys alleged to have been illegally exacted in payment of duties. In July, 1848, Messrs. Wetmore & Co., at Canton, shipped to the plaintiffs, for their account, four hundred cases of camphor, the product of China. On account of difficulty in procuring a tea vessel to take camphor, because of its effect on a cargo of tea, it was shipped to Manilla, consigned to Messrs. Peale, Hubbell & Co., with directions to forward it to the United States. This was done. Expenses were paid at Manilla for freight from China to Manilla, porterage and coolie hire, duties paid at the customhouse, and commissions of Peale, Hubbell & Co., for their services in receiving and forwarding the property. A separate freight was paid for carrying the camphor from Manilla to the United States. The collector added the freight to Manilla and all the charges there, to the invoice cost of the merchandise, as dutiable charges. The plaintiffs protested against paying a duty on these charges and this freight.

This case comes under the sixteenth section of the tariff act of 1842 (5 Stat. 563). So far as respects the freight from China to Manilla, it is identical with the case of Grinnell v. Lawrence [Case No. 5,831]. Though the Case of Gant, just decided, arose under the act of 1851 (9 Stat. 629), and consequently involved some different considerations, yet many of the views expressed in that case, are applicable to this. My opinion is, that the freight to Manilla was not a dutiable charge. In respect to the other expenses at Manilla, there is much more difficulty. The sixteenth section of the act of 1842, required the collector to add to the value of these goods, estimated according to their market value in Canton, "all costs and charges." It has been argued that this means all costs and charges to get the property on shipboard at the port of exportation, which, in this case, was Canton. I have no doubt it means this, but does it include only these costs and charges? Ordinarily, no others would exist, save marine freight, which, as we have seen, has been excluded according to an early practical interpretation deemed to have been adopted by congress. But when other charges, besides marine freight, and costs and charges incurred to get the property on shipboard, at the port of exportation, have been incurred, as in this case, why are they not to be added? Certainly the language of the act, "all costs and charges," is broad enough to include them, and what is to take those charges out of those explicit and comprehensive words? It is not sufficient that these charges were incurred in order that the property might reach its destination, and so may be fairly considered as expenses of transit. So are all expenses of getting the property to the ship at the port of exportation. These expenses bear the same relation to a part of the voyage from the country of production, to the United States, that the cost of getting the merchandise on shipboard at the point of exportation ordinarily bears to the whole voyage. Unless, therefore, something can be found, in some act of congress, showing that "all costs and charges," means only those incurred at the port whence the merchandise first departs for the United States, and nothing of the kind has been produced, I can see no sound reason why these charges were not dutiable. The same result would follow, if Manilla were

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

17 FED.CAS.—19

considered the port whence this merchandise was imported into the United States; for then, these expenses were incurred at the port of shipment; and, in accordance with the usual rule, would be properly included. But, for the reasons given in Gant's Case, I consider, that as the camphor was purchased by the plaintiffs in Canton for importation into the United States, and went to Manilla, into the hands of the plaintiffs' agents there, merely to be forwarded to the United States, that Canton, and not Manilla, was the place whence it was imported into the United States.

A verdict must be directed, in conformity with the agreement of the parties, to recover so much as was paid by reason of the addition of the freight as a dutiable charge.